```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 10-14013-Civ-MOORE
                                         (00-14078-Cr-MOORE)
                                    MAGISTRATE JUDGE P. A. WHITE
WILLIE ROUSE,                   :

     Movant,                    :         REPORT OF
                                          MAGISTRATE JUDGE
v.                              :

UNITED STATES OF AMERICA,       :

     Respondent.                :
_____
```

## I. Introduction

This matter is before the Court on the movant's motion to vacate pursuant to Title 28, Section 2255, attacking his sentence for two counts of possession with intent to distribute cocaine base and one count of possession with intent to distribute more than five grams of cocaine base following his guilty plea in criminal case number 00-14078.

The Court has reviewed the motion to vacate (Civ-DE# 1, 3) and supplement (Civ-DE# 21) and reply (Civ-DE# 27), the Government's response (Civ-DE# 12) and supplemental response (Civ-DE# 26), Presentence Investigation Report ("PSI"), and all pertinent portions of the underlying criminal file.

## II. Claims

Construing the *pro se* movant's arguments liberally, Haines v. Kerner, 404 U.S. 519 (1972), he appears to raise the following claim in his Section 2255 motion:

> 1.  Rouse is actually innocent of being a career offender because he lacks the required prior

1

convictions to support that designation. (Cv-DE# 1).

### III. Procedural History

The relevant procedural history of the underlying criminal case is as follows. Rouse was charged along with two co-defendants in a multi-count crack cocaine conspiracy indictment. The charges relating to Rouse are: Count (1), conspiracy to distribute cocaine base (21 U.S.C. §§ 841(a)(1), 846); Count (2), possession of cocaine base with the intent to distribute (21 U.S.C. § 841(a)(1), 18 U.S.C. § 2); Count (3), possession of more than five grams of cocaine base (21 U.S.C. § 841(a)(1)); Count (5), conspiracy to distribute more than five grams of cocaine base (21 U.S.C. §§ 841(a)(1), 846), and Count (6), possession with intent to distribute more than five grams of cocaine base (21 U.S.C. § 841(a)(1), 18 U.S.C. § 2). (Crim-DE# 3).

Rouse agreed to plead guilty to Counts (2), (3), and (6) in exchange for the Government's dismissal of Counts (1) and (5). (Crim-DE# 65). Rouse acknowledged in his written plea agreement that: for Count (2), the Court could impose up to a statutory maximum of twenty years imprisonment followed by supervised release and a fine up to $1,000,000; and for Counts (3) and (6), a minimum mandatory sentence of five years is applicable and the Court may impose up to a statutory maximum of forty years, followed by supervised release and a fine up to $2,000,000, and that a special assessment of $100 per count would be imposed. (Crim-DE# 65 at ¶ 7-8). The Government agreed to recommend a three-level reduction for acceptance of responsibility, if applicable. (Crim-DE# 65 at ¶ 9).

The PSI calculated the base offense level at 26 because Rouse was responsible for sixteen grams of cocaine base when the three

counts were grouped. (PSI at ¶ 14-15). However, Rouse qualifies as a career offender with an offense level of thirty-four because he was over eighteen at the time of the offense and had at least two prior felony convictions for a crime of violence or controlled substance offense in cases 95-2251 (battery on a law enforcement officer and resisting an officer with violence; 96-659 (sale of cocaine); and 97-282 (resisting an officer with violence). (PSI at ¶ 21). (PSI at ¶ 21). Two levels were decreased for acceptance of responsibility and an additional level was decreased for cooperation. (PSI at ¶¶ 22-23). The resulting total offense level is thirty-one. (PSI at ¶ 24).

As to criminal history, he was assessed two points each for cases 95-2251, 96-659 and 97-282. In addition, he received two points in case 96-93 (reckless driving, flee/attempt to elude, no driver's license); one point in case 96-418 (battery, criminal mischief); two points in case 97-981 (no driver's license and failure to appear); two points in case 97-1551 (driving without valid license); two points in case 98-1436 (no driver's license); one point in case 98-1614 (resisting arrest without violence, driving without a valid license); two points in case 98-1616 (battery, assault, and failure to appear); and two points in case 99-900 (trespass after warning, resisting officer without violence). This resulted in a subtotal of twenty criminal history points. Two points were added because Rouse committed the instant offense less than two years after his release from custody in cases 98-1616 and 98-1436. (PSI at ¶ 42). This resulted in a total of twenty-two criminal history points and a criminal history category of VI. (PSI at ¶ 42). Based on a total offense level of thirty-one and a criminal history category of VI, the guidelines range is 188 to 235 months imprisonment, three years of supervised release for Counts (2) and (3), and four to five years of supervised release

for Count (6), and a fine between $15,000 and $4,000,000. (PSI at ¶ 69, 71, 75).

Rouse moved for a downward departure from career offender status because he is outside the heartland of career offender status, and because career offender status over-represents the seriousness of his criminal history and likelihood of future offenses. (Crim-DE# 67). The Government opposed the motion because Rouse's criminal history shows he is a dangerous recidivist who deserves to be classified as a career offender. (Crim-DE# 68).

The Court adopted the PSI and found the total offense level is thirty-one with a criminal history category of VI. (Crim-DE# 73 at 6). At the sentencing hearing, defense counsel requested the motion for downward departure be granted because of Rouse's young age and the minor nature of his prior offenses. (Crim-DE# 82 at 5-6). The Court noted the facts set forth in the PSI and denied the downward departure. (Crim-DE# 82 at 7); see (PSI at ¶ 28). The Court adjudicated Rouse guilty and imposed 235 months as to each count, concurrent, followed by supervised release for five years (Count 6) and three years (Counts 2 and 3), concurrent, due to Rouse's "extensive prior record." (Crim-DE# 73 at 1, 3, 6).

On appeal, Rouse argued the Court erred by refusing to grant his motion for a downward departure sentence.[1] The Eleventh Circuit affirmed, finding the Court understood it had authority to depart downward and exercised its discretion in denying the motion. (Civ-DE# 12-7).

On June 25, 2008, Rouse filed a motion to modify the terms of

---

[1] This claim is gleaned from the Government's brief, (Civ-DE# 12-6), and the Eleventh Circuit's opinion, (Civ-DE# 12-7).

4

imprisonment pursuant to Title 18, Section 3582(c)(2). (Civ-DE# 12-8). He argued his guideline range should be reduced by two levels due to retroactive Amendment 706 to the sentencing guidelines regarding crack cocaine. The Government opposed the motion because Rouse's career offender sentence is unaffected by Amendment 706. (Civ-DE# 12-9). The Court denied the motion, stating:

> Defendant was sentenced to 235 months imprisonment because he qualified as a career offender. Consequently, his total base offense level remains 31 for sentencing purposes given his career offender status. Therefore, Amendment 706 does not reduce Defendant's sentence.

(Civ-DE# 12-10).

The Eleventh Circuit affirmed, stating:

> Rouse's arguments are foreclosed by our precedent. A defendant sentenced as a career offender, whose guideline range was not based on the offense level for crack cocaine, is ineligible for a reduction under § 3582(c)(2).... Moreover, United States v. Booker, 543 U.S. 220 (2005) is inapplicable to § 3582(c)(2) motions."

(Crim-DE# 106 at 2-3).

Rouse filed the instant motion to vacate on January 11, 2010. (Civ-DE# 1). The Government filed a response. (Civ-DE# 12). On July 7, 2010, he filed a motion for leave to supplement his Section 2255 motion, arguing he is actually innocent of the career offender enhancement pursuant to Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), and Johnson v. United States, 130 S.Ct. 1265 (2010). (Civ-DE# 21). The undersigned granted the motion to amend. (Civ-DE# 22). The Government filed a supplemental response, (Civ-

5

DE# 26), and Rouse filed a reply, (Civ-DE# 27).

## IV. Statute of Limitations

The Government correctly concedes Rouse's motion to vacate is timely.

## V. Procedural Default

As a general matter, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a Section 2255 proceeding. Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989). Here, the relevant case law was not issued until several years after Rouse entered his plea and was sentenced. Accordingly, he is not procedurally barred from now raising claims based on new, retroactive case law. See Begay v. United States, 553 U.S. 137 (2008); see also Steele v. United States, 2010 WL 3080507 (S.D. Fla. July 13, 2010) (addressing the merits of the defendant's Chambers argument rather than analyzing procedural bar in the interest of judicial economy). The Government's suggestion that Rouse's claim is not cognizable under Section 2255 is rejected. See Gilbert, 609 F.3d at 1158.

## VI. Standard of Review

Section 2255 authorizes a prisoner to move a sentencing court to vacate, set aside, or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a); see Hill v. United States, 368 U.S. 424, 426-27 (1962). A sentence is otherwise subject to collateral attack if there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice." United

States v. Addonizio, 442 U.S. 178, 185 (1979); Hill, 368 U.S. at 428.

## VII. Discussion

Rouse contends he is actually innocent of being a career offender because he lacks the required prior convictions to support that designation. Specifically, he contends his convictions for battery, resisting arrest, and sale of cocaine, are not qualifying prior offenses and his career offender sentence is a miscarriage of justice.

A defendant is a "career offender" if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a); see 28 U.S.C. § 994(h).

A "crime of violence" is defined as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that:

> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

7

U.S.S.G. § 4B1.2(a).

Under the categorical approach, whether an offense is a "crime of violence" depends on how the offense is defined by law, rather than the facts of the specific violation. United States v. Archer, 531 F.3d 1347, 1350 (2008). A "modified categorical approach" applies where "the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not...." Johnson v. United States, 130 S.Ct. 1265, 1273 (2010). Therefore, where the elements of the offense itself do not definitively reveal whether an offense is a crime of violence, the modified categorical approach "permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record - including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." Id.; see Shepard v. United States, 544 U.S. 13, 16 (2005). In addition, a district court may also rely in sentencing on undisputed statements found in the PSI because they are factual findings to which the defendant has assented. United States v. Beckles, 565 F.3d 832, 843-44 (11th Cir. 2009).

The language in Section 4B1.2(a)(1) has the same meaning as the Armed Career Criminal Act ("ACCA"), so case law interpreting ACCA are relevant in determining whether a prior conviction qualifies for career offender sentencing. United States v. Williams, 609 F.3d 1168 (11th Cir. 2010); see Archer, 531 F.3d at 1352.

Rouse has two prior convictions for resisting an officer with

violence, cases 95-2251[2] and 97-282. These qualify as "crimes of violence" under the categorical approach. Under Florida law, it is a felony to "knowingly and willfully resist[], obstruct[], or oppose[] any officer ... in the lawful execution of any legal duty, by offering or doing violence to the person of such officer...." § 843.01, Fla. Stat. The offense is a general intent crime that requires the offender to act with knowledge and intent to resist, obstruct, or impede the officer. Frey v. State, 708 So. 2d 918, 920 (Fla. 1998). The Eleventh Circuit recently acknowledged that, "[w]hile it is conceivable that a person could accidentally use force against an officer while intentionally impeding his or her official duties (for example, by being shoved or stumbling into an officer while refusing to submit to a legal search), we can find no examples of convictions under the statute in such circumstances." Pedro-Domingo v. U.S. Att'y Gen., 367 Fed. Appx. 112, 115 (11th Cir. 2010). Instead, the Court acknowledged that the "substantial risk inherent to the offense is that the offender will intentionally use force against an officer, not that force might be used accidentally or negligently." Id. Resisting an officer with violence under Florida law is therefore a "crime of violence" within the meaning of section 4B1.2(a)(1) "because it has the elements of using or threatening to use physical force against the person of another." United States v. Beltran, 367 Fed. Appx. 984, 991 (11th Cir. 2010); see also Pedro-Domingo, 367 Fed. Appx. at 116; compare Johnson, 130 S.Ct. at 1265 (holding that *simple*

---

[2] Rouse argues case 95-2251 is not a qualifying conviction for career offender sentencing because he was *also* convicted for battery on a law enforcement officer in that case. The PSI reveals Rouse's career offender sentencing was based on case 95-2251 for "Battery on a Law Enforcement Officer **and** Resisting Officer with Violence in case number 95-2251," as well as sale of cocaine in case 96-659 and resisting an officer with violence in case 97-282.(PSI at ¶ 21) (emphasis added). The conviction for resisting an officer with violence in case 95-2251 is clearly a "crime of violence" for career offender purposes as set forth in the discussion section. The additional battery count in that case is therefore extraneous and warrants no further discussion.

*battery* under Florida law is not a "violent felony" under ACCA because it lacks as an element the use of physical force against another person). Accordingly, the elements of the offense itself support career offender sentencing.

Further, Rouse's convictions for resisting an officer with violence also qualify as crimes of violence under the modified categorical approach because the record reveals he deliberately used force against officers. The facts surrounding cases 95-2251 and 97-282 are contained in Austin's PSI. Further, the Court noted the facts surrounding case 95-2251 at the sentencing hearing. See (Civ-DE# 82 at 7). Rouse did not challenged the PSI before sentencing and therefore he has admitted the facts contained in the PSI as true. Beckles, 565 F.3d 832 at 843-44. His present attempt to recast the facts of case 95-2251 in his memorandum of law is contrary to the record and should be rejected. See (Civ-DE# 3 at 7) (arguing the officer "grabbed a hold on to Petitioner's clothing and Petitioner broke away and ran and the officer fell hitting their knee..."). In case 95-2251, Rouse struggled with an officer who was attempting to arrest him for trespassing. He pushed her in the chest and knocked her to the ground, causing her to break a finger and injure her knee. (PSI at ¶ 28). In case 97-282, Rouse struggled with, and attempted to strike, an officer who tried to handcuff him during a domestic dispute. Rouse broke free from the officer and ran away. (PSI at ¶ 32). Both of these cases demonstrate each of Rouse's convictions for resisting an officer with violence stemmed from deliberate violent acts towards officers, and not from accidental or negligent force.

Accordingly, cases 95-2251 and 97-282 are two prior felony convictions for crimes of violence for career offender sentencing purposes and would, alone, qualify Rouse for career offender

sentencing.

Second, Rouse's conviction for the sale of cocaine in case 96-659 is a controlled substance offense for purposes of career offender sentencing. A "controlled substance offense" is an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that:

> prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

Florida law prohibits as a felony any person from selling, manufacturing, or delivering, or possessing with intent to seel, manufacture, or deliver cocaine. § 893.13(1)(a)(1), Fla. Stat.; § 775.082, Fla. Stat. Sale of cocaine is therefore a "controlled substance offense" for purposes of career offender sentencing. United States v. Williams, 341 Fed. Appx. 599 (11th Cir. 2009). Rouse has failed to provide any argument in support of his conclusory allegation that the offense of sale of cocaine falls "outside the heartland" of offenses that should support a career offender designation. See United States v. Gordon, 341 Fed. Appx. 588 (11th Cir. 2009). Accordingly, case 96-659 is an additional qualifying prior offense for career offender sentencing.

Rouse qualifies for career offender sentencing based on three separate convictions, any two of which would be sufficient to support that designation.

The additional arguments Rouse attempts to raise in his reply brief, that the Court failed to consider retroactive case law and applied ex post facto sentencing enhancement are contradictory, legally incorrect, and refuted by the record. Any claims or subclaims in Rouse's various pleadings that are not specifically addressed herein have been reviewed and found to be without merit and warrant no further discussion.

Based on the foregoing, it is recommended that the motion to vacate be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 14th day of October, 2010.

UNITED STATES MAGISTRATE JUDGE

cc:  Willie Rouse, pro se
     Reg. No. 54040-004
     FCC - Coleman (Medium)
     Federal Correctional Complex
     Inmate Mail/Parcels
     PO Box 1032
     Coleman, FL 33521

     Anne Ruth Schultz
     United States Attorney's Office
     99 NE 4 St.
     Miami, FL 33132

     Diana Margarita Acosta
     United States Attorney's Office
     505 S. Second Street, Suite 200
     Fort Pierce, FL 34950